Dear Judge Greene:
Your request for an Attorney General Opinion concerning your court's misdemeanor probation department has been forwarded to me for research and reply.
You asked the following questions:
 1) May a district court include supervision of juvenile offenders in its misdemeanor probation department?
 2) If so, may the court, from excess funds generated through its misdemeanor probation office, contract with the Youth Service Bureau to supplement the services of the juvenile probation officers and then reimburse to the Youth Services Bureau the difference between the actual cost of probation and the amount of probation fee collected?
Louisiana Attorney General Opinion No. 89-443 stated that a district court's misdemeanor probation department created under the authority of La. C.Cr.P. art. 894(A) may receive direct funding from probation supervision fees charged pursuant to La. C.Cr.P. art. 895. This direct funding was authorized by the implicit amendment to La. C.Cr.P. art. 895.1(C).
Regarding whether your court may include juvenile offenders in your misdemeanor probation department, La. C.Cr.P. art. 15(A) states, in pertinent part:
 The provisions of this Code, except as otherwise specially provided by other statutes, shall govern and regulate the procedure in criminal prosecutions and proceedings in district courts. They also shall govern criminal prosecutions in city, parish, juvenile and family courts, except insofar as a particular provision is incompatible with the general nature and organization of, or special procedures establishing or authorized by law for those courts. (Emphasis added.)
La. Ch. C. art. 104, which concerns the applicability of the Code of Criminal Procedure to procedures involving juveniles, states, in pertinent part, that "[w]here procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with . . . [t]he Code of Criminal Procedure in a delinquency proceeding . . ." The official comment to this article states that this article "makes the Code of Criminal Procedure applicable to delinquency proceedings." Probation of juvenile delinquents is encompassed within La. Ch. C. art. 104 since it is a delinquency proceeding.
Thus, in answer to your first question, a district court may include supervision of juvenile offenders within its misdemeanor probation department in accordance with La. C.Cr.P. arts. 894 and 895.1(C) pursuant to the direction of La. Ch. C. art. 104 that the Code of Criminal Procedure is applicable to delinquency proceedings.
Your second question, concerning whether the court may contract with Youth Services Bureau, a privately funded agency, to supplement the probation supervision of juveniles by the state juvenile probation officers was previously answered negatively by Louisiana Attorney General Opinion No. 90-463. That opinion stated that only where the executive branch has defaulted in providing probation supervision services for misdemeanants may the sentencing court secure by private means the necessary probation services for the exercise of its jurisdiction. This opinion states, in pertinent part:
 La. Code Crim.Proc. Art. 894 authorizes the sentencing court in misdemeanor cases to place the defendant on probation supervised by a "probation office, agency, or officer designated by the court." In the opinion of the Attorney General, this phrase . . . connotes public entities of officers only. Further, no provision of Title 15 or the Code of Criminal Procedure authorizes the court to delegate authority to supervise misdemeanants to a private individual or business. . . . A court may utilize private probation services only if LDOC has defaulted and is no longer providing such public services.
Therefore, it is the opinion of this office that a district court's misdemeanor probation department may not contract with any private agency, particularly the Youth Services Bureau, to supplement the services of the state juvenile probation officers unless the state juvenile probation office has defaulted and is no longer providing misdemeanor probation services.
I hope the foregoing has adequately answered your questions. If we can be of further assistance, please do not hesitate to contact our office.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: JULIE A. COLLINS Assistant Attorney General Criminal Division
JAC/sff